*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PRECISION SURGICAL ASSOCIATES, PC,
INSIGHT ANESTHESIA, PLLC, ALLIANCE
ANESTHESIA, PLLC, INTEGRATED HOSPITAL
SPECIALISTS, PC, and TIA R. SCOTT,

        Plaintiffs-Appellees,

V

AUTO CLUB INSURANCE ASSOCIATION,

        Defendant-Appellant.

UNPUBLISHED
April 27, 2026
10:18 AM

No. 369750
Oakland Circuit Court
LC No. 2022-197116-NF

Before: LETICA, P.J., and RICK and BAZZI, JJ.

RICK, J. (*concurring*).

I concur in the result because it is required under *Favot v Brown*, ___ Mich App ___; ___ NW3d ___ (2025) (Docket Nos. 368733; 368734), which remains binding precedent.[1] See MCR 7.215(J)(1). I write separately because I continue to believe that *Favot* was wrongly decided.

As framed by the majority, the dispositive question is whether the phrase "amount payable under Medicare" in MCL 500.3157 encompasses all Medicare payment methodologies or instead refers more narrowly to the fee schedule rates that establish the baseline value of a service. The *Favot* Court adopted the broader interpretation, requiring incorporation of all rate-related Medicare adjustments. *Favot*, ___ Mich App at ___; slip op at 7-8. In my view, that reading extends beyond the statutory text.

The statute's structure reflects a distinction between "rates in the fee schedule" and other limitations affecting reimbursement. MCL 500.3157(15)(f). Although the "amount payable" is derived from Medicare, the calculation begins with, and remains tethered to, the fee schedule rate itself. Only after that baseline is established are any adjustments applied. See *Favot*, ___ Mich App at ___; slip op at 7-8. Interpreting the statute to incorporate all downstream payment-

---

[1] Leave to appeal in *Favot* is currently pending in our Supreme Court.

reduction methodologies collapses this distinction and risks rendering the Legislature's limiting language superfluous. A more faithful reading confines "rate-related" limitations to those that bear on the determination of the fee schedule rate itself, while excluding methodologies that merely reduce reimbursement after that rate has been set. This construction preserves the statutory distinction between rate-setting and post-rate adjustments and gives effect to the text's exclusion of limitations "unrelated to the rates in the fee schedule." MCL 500.3157(15)(f).

Nonetheless, because *Favot* presently governs, I concur in the result.

/s/ Michelle M. Rick